```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SASENARINE SINGH,
                            Petitioner,

           -v-                                            12 Civ. 4731 (JMF)

ERIC HOLDER, Attorney General, *et al.*,         MEMORANDUM OPINION
                                                    AND ORDER
                        Respondents.
------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Sasenarine Singh petitions for the writ of habeas corpus, pursuant to Title 28, United States Code, Section 2241, on the ground that his detention during consideration of his petition for review of a removal order by the United States Court of Appeals "violates the United States Constitution and the Immigration and Nationality Act." (Pet. ¶ 1, 12). Following this Court's order directing Respondents to answer the Petition, Respondents filed a letter brief moving to transfer the case to the Northern District of Alabama on the ground that this Court lacks jurisdiction. (Docket Nos. 6, 9). The Court ordered Petitioner to show cause why the Petition should not be transferred; he responded on September 20, 2012 (Docket Nos. 9, 10). For the reasons discussed below, Respondents' motion to transfer the case is GRANTED.

## BACKGROUND

      Petitioner entered the United States in 2000 and was ordered removed by an immigration judge on January 17, 2002. (Pet. ¶ 11). On April 3, 2012, Petitioner filed a petition for review of this removal order with the United States Court of Appeals for the Second Circuit. (Petition for Review of Agency Order, *Singh v. Holder*, No. 12-1321 (2d Cir. Apr. 3, 2012) (Docket No. 1)). On June 15, 2012, Petitioner filed the Petition in the present action. (Docket No. 1). Significantly, Petitioner does not challenge the removal order; instead, he challenges only his detention while awaiting a decision from the Court of Appeals. (*Id.* ¶¶ 1, 14; *see also id.* at 25

(seeking in his prayer for relief only release from custody pursuant to reasonable conditions including electronic monitoring)). In the clearest example, "Petitioner asserts that he is exclusively challenging his continued detention . . . , not the merits of his removal order." (*Id.* ¶ 14 (internal quotation marks omitted)). The Court of Appeals dismissed Petitioner's appeal on July 23, 2012, and his motion for reconsideration was denied on September 17, 2012. (Appeal Dismissed, *Singh v. Holder*, No. 12-1321 (2d Cir. July 23, 2012) (Docket No. 36); Motion Order, *Singh v. Holder*, No. 12-1321 (2d Cir. Sept. 17, 2012) (Docket No. 47)).[1]

## DISCUSSION

Outside the immigration context, when a prisoner files a petition for the writ of habeas corpus to challenge his or her physical detention, otherwise known as a "core" habeas proceeding, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" and "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004). Although the Supreme Court and the Second Circuit have declined to decide whether this "immediate custodian" rule applies in the immigration context as well, *see id.* at 435 n.8 (noting a Circuit split on the issue); *Henderson v. INS*, 157 F.3d 106, 128 (2d Cir. 1998), courts in this Circuit have generally distinguished between "non-core" habeas proceedings — in which a petitioner challenges his or her removal order — and "core" habeas proceedings — in which a petitioner challenges his or her detention pending removal. *See, e.g.*, *Hoyte v. Holder*, No. 10 Civ. 3460 (PAC) (JLC), 2011 WL 1143043, at *2 (S.D.N.Y. Mar. 25, 2011) (quoting *Padilla*, 542 U.S. at 435, 447; *Shehnaz v. Ashcroft*, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004)).

---

[1] The Court leaves the question of whether the Second Circuit's decision on Petitioner's petition for review moots this case to the District Court in the Northern District of Alabama.

In the former category, courts have generally held that jurisdiction is proper outside the district of confinement. *See, e.g.*, *Reyes-Cardenas v. Gonzales*, No. 05 Civ. 5687 (KMW) (RLE), 2007 WL 1290141 (S.D.N.Y. Apr. 30, 2007) (adopting a report and recommendation that found that the Court had jurisdiction and that venue was proper in a habeas challenge to a deportation proceeding); *Somir v. United States*, 354 F. Supp. 2d 215, 217-19 (E.D.N.Y. 2005) (holding, in a "non-core" proceeding, that the Attorney General was a proper respondent and venue was proper outside of the district of confinement); *Campbell v. Ganter*, 353 F. Supp. 2d 332, 337 (E.D.N.Y. 2004) (reserving judgment, but finding persuasive the reasoning holding that the Attorney General is the proper respondent). In the latter category, however, a "clear majority" of courts in this circuit have held that the "immediate custodian" rule applies and that jurisdiction lies only in the district of confinement. *Zhen Yi Guo v. Napolitano*, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at * 3 (S.D.N.Y. Sept. 2, 2009) (collecting cases); *see also* Resp't's Letter of August 31, 2012, at *2 (collecting cases) (Docket No. 9). In these cases, courts have either dismissed or transferred petitions to the district of confinement as required. *See, e.g.*, *Allen v. Holder*, No. 10 Civ. 2512 (GBD) (JLC), 2011 WL 70558, at *2 (S.D.N.Y. Jan. 4, 2011); *Guo*, 2009 WL 2840400, at *5-6.

Petitioner relies on *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488 (S.D.N.Y. 2009), to argue that the "immediate custodian" rule should not be applied to immigration cases at all (Pet'r's Response to Order to Show Cause ¶¶ 2-3 (quoting *Farez-Espinoza*, at times without citation) (Docket No. 10)), but this Court is unpersuaded. As the Court explained in *Zhen Yi Guo*, *Farez-Espinoza* relied on four district court cases to conclude that the "Attorney General is a proper respondent in immigration cases where the petitioner challenges her detention under the immigration laws." *Zhen Yi Guo*, 2009 WL 2840400, at *5 (quoting *Farez-Espinoza*, 600 F. Supp. 2d at 494-95). All four cases, however, were "non-core" habeas petitions in which the

3

petitioner sought either a stay of deportation or an adjustment of status. *See Guo*, 2009 WL 2840400, at \*4. They do not therefore support the broader conclusion drawn by the Court in *Farez-Espinoza*.

This case plainly falls in the "core" habeas proceeding category, as Petitioner — by his own admission — challenges only his continued detention, "not the merits of his removal order." (Pet. ¶ 14). Applying the "immediate custodian" rule, the Court therefore holds that jurisdiction lies only in the Northern District of Alabama, where Petitioner is detained, and that the only proper respondent is Petitioner's immediate custodian, Warden Scott Hassel.

## CONCLUSION

For the reasons discussed above, Respondents' motion to transfer the case is GRANTED. The Clerk of the Court is directed to transfer this case to the Northern District of Alabama and to mail a copy of this Memorandum Opinion and Order to Petitioner.

SO ORDERED.

Dated: November 21, 2012
New York, New York

JESSE M. FURMAN
United States District Judge